**In re MAC DERMID, INC.**

No. 96–1491.

Reexamination No. 90/003,373.

United States Court of Appeals, Federal Circuit.

April 15, 1997.

James R. Cartiglia, St. Onge, Steward, Johnston & Reens, L.L.C., Stamford, Connecticut, filed a Response to Appellee's Suggestion for Hearing In Banc. With him on the response was William J. Speranza.

Nancy J. Linck, Solicitor, Patent and Trademark Office, Washington, D.C., filed a Suggestion for Hearing In Banc for appellee. With her on the suggestion were Albin F. Drost, Deputy Solicitor, and Craig R. Kaufman and Kevin T. Kramer, Associate Solicitors.

*ORDER DECLINING HEARING IN BANC*

The Commissioner has suggested initial in banc hearing in this case because the Commissioner believes that our precedent holding that we review fact findings of the Patent and Trademark Office's (PTO) Board of Patent Appeals and Interferences in patentability decisions for clear error should be overruled and a more deferential standard based on the Administrative Procedure Act (APA) should apply. We conclude that a precondition for in banc hearing is not met in this case.

In *In re Kemps,* 97 F.3d 1427, 1429–31 & nn. 5, 6, 40 USPQ2d 1309, 1312–13 & nn. 5, 6 (Fed.Cir.1996), we stated that a precondition that must be met before the court can decide the standard of review issue is that the resolution of the review standard not be "irrelevant to the determination of the case." In *Kemps,* we declined to reach the applicability

of the APA because the PTO fact findings were upheld under the less deferential "clearly erroneous" standard of review. It was therefore irrelevant whether a more deferential standard of review should apply; the same result would necessarily be obtained under a more deferential standard.

This case presents the same problem as *Kemps*. The Commissioner has not asserted in this case that the standard of review matters to the disposition of the appeal. Moreover, there is no reason to conclude at this juncture that the standard of review will be relevant to the disposition of the appeal because a panel has not yet found clear error in the fact findings. If a panel should discern clear error in the Board's fact findings in this or another case, then the question of whether the findings would survive under a more deferential standard would become relevant and necessary to the disposition of the appeal. At that time, the Commissioner may choose to file a Suggestion for Rehearing in banc.

Accordingly, we decline the request to hear this case in banc at this stage of the proceeding.